UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV1241 TIA |
| | ) |
| LARRY DENNEY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will summarily dismiss the petition because it is successive.

**Procedural History**

Petitioner has had an extensive post-conviction history in this Court. The Court has reviewed no less than four of petitioner's applications for post-conviction relief, in addition to several of petitioner's pre-trial applications for writs. All of petitioner's briefs before this Court relate to the shooting deaths of two men that occurred in March of 1961, during petitioner's escape from a California prison.

In 1961, Thompson went on a crime spree that ended in Missouri after he killed a police officer, Herbert Goss, and another man, Raymond Glover, in separate incidents in separate counties. See State v. Thompson, 723 S.W.2d 76, 78-81

(Mo.Ct.App. 1987). Thompson was first tried in 1961 for Glover's murder, convicted in Butler County, Missouri, and sentenced to life. He appealed this conviction, abandoned the appeal, and then fifteen (15) years later filed a Missouri Supreme Court Rule 27.26 motion. Thompson's motion was initially denied, but on appeal that determination was reversed, and the case was remanded for an evidentiary hearing. Thompson v. State, 569 S.W.2d 380 (Mo.Ct.App. 1978). After an evidentiary hearing the trial court again denied the motion, and this time the lower court was affirmed. Thompson v. State, 651 S.W.2d 657 (Mo.Ct.App. 1983).

In addition to the Butler County conviction, Thompson was tried three times for the first-degree murder of Officer Goss, a Cape Girardeau, Missouri policeman, a crime that occurred in Scott County, Missouri. Each time a jury found him guilty. After his first trial he was sentenced to death. After an unsuccessful direct appeal of his conviction, State v. Thompson, 363 S.W.2d 711 (Mo. 1963), Thompson's family secured counsel and succeeded in obtaining a new trial through Missouri Supreme Court Rule 27.26, based on the state's suppression of material ballistic evidence. State v. Thompson, 396 S.W.2d 697 (Mo. 1965).

A new trial was held in 1966, in Mississippi County, Missouri. Thompson was again convicted in December 1966, but this time he was sentenced to a life term. He did not file a direct appeal of his conviction. On September 10, 1975, Thompson

filed for relief in the Missouri state court under Supreme Court Rule 27.26. In his motion he alleged several grounds for relief, not the least of which was a double jeopardy claim and the unconstitutional selection of the jury panel. The motion was denied without a hearing. The Missouri Court of Appeals affirmed the denial on all issues except the matters relating to the jury instructions and empaneling, remanding that issue for an evidentiary hearing. Thompson v. State, 576 S.W.2d 541 (Mo.Ct.App. 1978).

In October of 1977, before the state ruled on the remanded issue of the matter relating to the jury selection, Thompson filed an application for habeas corpus in this Court. The Court dismissed Thompson's petition for failure to exhaust his state remedies. Thompson v. White, 442 F.Supp. 1269 (E.D. Mo. 1978) (No. 77-1122C(4)). The Eighth Circuit affirmed the dismissal of the jury selection claim for failure to exhaust, Thompson v. White, 591 F.2d 441, 443 (8th Cir. 1979), but reversed and remanded the other issues in Thompson's petition in light of the Missouri Court of Appeals' intervening opinion in Thompson v. State, supra, 576 S.W.2d 541, which was rendered after this Court's opinion and which dealt with the remaining issues.

On February 26, 1979, Thompson filed an amended habeas corpus petition in this Court restating his claims concerning the use of perjured testimony, lack of

credible evidence and double jeopardy violations.  On March 10, 1980, before this Court could render an opinion, Thompson moved for removal of the jury selection issue from state to federal court on the grounds that the state court had deliberately stalled and delayed progress on the case.  Although this Court allowed consideration of the jury selection issue, it dismissed all of petitioner's claims for relief after reviewing them on the merits.

The Eighth Circuit Court of Appeals reversed this Court's finding, <u>Thompson v. White</u>, 661 F.2d 103 (8th Cir. 1981), and the State of Missouri appealed.  The Supreme Court, granted certiorari, vacated the judgment, and remanded the case to the Court of Appeals for further consideration. <u>White v. Thompson</u>, 456 U.S. 941 (1982).  The Eighth Circuit again reversed and remanded, finding that the conviction should be overturned based on the jury selection issue.  <u>Thompson v. White</u>, 680 F.2d 1173 (8th Cir. 1982).

Before the sentence was actually vacated, in 1980, the Missouri Parole Board released Thompson on parole to a detainer placed upon him by the State of California so that he could complete his 1961 California sentence.  Although the California sentence was five years to life, Thompson served only a few months in California before he was successful in yet another petition for habeas relief, this time filed in California, and was released from California custody in March of 1981.  After his

release, Thompson remained under the supervision of the Missouri Parole Board. See Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 397 (8th Cir.1991). (It appears that after his second conviction was vacated he was still under parole supervision for Raymond Glover's murder. See State v. Thompson, 723 S.W.2d 76, 90 (Mo.Ct.App.1987)).

In 1984, Thompson was retried in Missouri a third time for the killing of Officer Goss and was found guilty and again sentenced to life in prison. After bring free for three years, he returned to Missouri state prison to serve his sentence. Immediately upon his return to prison, Thompson requested release on parole. His request was denied without a hearing. He then petitioned for a writ of habeas corpus on the grounds that the Board of Probation and Parole's refusal to grant parole was vindictive. Thompson v. Armontrout, 647 F.Supp. 1093 (W.D. Mo. 1986). The District Court granted the writ and the Eighth Circuit affirmed. Thompson v. Armontrout, 808 F.2d 28 (8th Cir. 1986). The Western District of Missouri ordered Thompson's release on parole, and he was released in December of 1986. In June of 1987 he informed the Parole Board that he would no longer report to his parole officer, claiming he had served the maximum five-year parole term.

In 1988, Thompson was arrested in Minnesota on bank robbery and firearms charges. He pled guilty and was sentenced to a twenty-year prison term. Missouri

officials lodged a detainer with the State of Minnesota claiming Thompson was subject to the supervision of the Missouri Parole Board upon completion of his federal term. On December 8, 1988, while in jail in Minnesota awaiting sentencing on his bank robbery charges, Thompson filed a petition for writ of habeas corpus in the District of Minnesota. In his petition, Thompson alleged that the Missouri detainer was "the product of vindictiveness," and that Missouri officials were attempting to punish him for successfully challenging his Missouri conviction.

The Minnesota District Court denied Thompson's petition and Thompson appealed. The Eighth Circuit found that the detainer was not vindictive, and Thompson was not entitled to an unconditional release from Missouri custody. However, the Court found that Thompson was <u>eligible for discretionary parole consideration</u> by the Missouri Parole Board. <u>Thompson v. Missouri Bd. of Parole</u>, 929 F.2d 396, 401–02 (8th Cir.1991).

In May of 1992, the Court received by transfer from the Western District of Missouri, a petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, filed by Thompson relating to both of his murder convictions - his life sentence, received in 1961, for killing Randy Glover in Butler County, Missouri, and his life sentence, received in 1984, for killing Officer Goss in Scott County, Missouri. <u>See Thompson v. Mo. Board of Probation and Parole</u>, No. 4:92CV888 GFG (E.D.Mo.

1994).  The Honorable George F.Gunn, Jr., found that only one conviction could be challenged in a single petition[1], that Thompson had abused the writ and that even if he had not abused the writ, his claims were procedurally barred and without merit.[2] The Eighth Circuit Court of Appeals affirmed the denial of the writ relative to his 1984 conviction.  See Thompson v. Missouri Board of Probation and Parole, 39 F.3d 186 (8th Cir. 1994), cert. denied, 514 U.S. 1113 (1995).

In August of 1995, petitioner filed another application for writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254, arguing for post-conviction relief relating to his 1984 conviction of the killing of Officer Goss.  Thompson v. Nixon, No. 4:95CV1508 GFG (E.D. Mo. 1997).  The Court dismissed petitioner's claims as successive, a finding that was affirmed by the Eighth Circuit Court of Appeals. Thompson v. Nixon, 272 F.3d 1098 (8th Cir. 2001).

On June 28, 1999, Thompson filed an application for writ of habeas corpus in this Court relative to his Butler County conviction for killing Raymond Glover.  The Court found that his petition was time-barred, pursuant to 28 U.S.C. § 2244(d)(1) and

---

[1] See 28 U.S.C. § 2254, Rule 2(d) of the Rules Governing Section 2254 Cases.

[2] After fully reviewing the petition, the amended petition, and the second amended petition, this Court made the determination that petitioner was really seeking to challenge the 1984 Scott County conviction relating to the killing of Officer Goss.

dismissed his request for relief. See Thompson v. Booker, No. 4:01CV1357 CEJ (E.D. Mo. 2002). The Eighth Circuit affirmed. Thompson v. Booker, 52 Fed.Appx. 317, 2002 WL 31780033 (8th Cir. December 11, 2002).

### Petitioner's Instant Habeas Application

In his current application for habeas relief before the Court, petitioner again seeks relief pertaining to his 1984 murder conviction in Scott County, Missouri, relative to the murder of Officer Goss.

Petitioner asserts that he was denied effective assistance of trial and appellate counsel when his counsel failed to object to the use of the wrong jury instructions relating to the elements comprising the crime of murder. He claims that the jury instructions given at his trial were based upon the 1984 statute that had different, and less stringent, elements than the 1961 statute that was in effect at the time the crime occurred.

Petitioner additionally asserts that the trial court's failure to follow Mo.Rev.Stat. §§ 556.031 and 565.001 that "mandate that no trial shall be had for crimes committed under newly amended or enacted statutes not in force when the alleged crime took place," was a violation of the Ex Post Fact Clauses of the United States and Missouri Constitutions.

Last, petitioner claims that the recent Supreme Court ruling in <u>Trevino v. Thaler</u>, 133 S.Ct. 1911 (2013), excuses any timeliness issues that he might have in this case.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

To the extent that petitioner seeks to relitigate claims that he brought in one of his prior habeas petitions relative to his 1984 conviction, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1).  To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court.  28 U.S.C. § 2244(b)(3)(A).

Petitioner has not been granted leave to file a successive habeas petition in this Court.  And the AEDPA's restriction on filing successive petitions is retroactively applicable to cases that were filed before the AEDPA was enacted.  <u>See</u>, <u>e.g.</u>, <u>Daniels v. United States</u>, 254 F.3d 1180, 1188 (10th Cir. 2001).  As a result, the petition will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED as SUCCESSIVE**, without prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of July, 2013.

                                                */s/ Catherine D. Perry*
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE