# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DOUGLAS THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV1241 TIA |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for reconsideration of the dismissal of his application for writ of habeas corpus as successive. Petitioner seeks relief pursuant to Federal Rule of Civil Procedure 59(e). Petitioner also seeks relief under a recent Supreme Court case, McQuiggin v. Perkins, 133 S.Ct. 1924 (2013).

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed.R.Civ.P. 59(e); see also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir.2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933. The purpose of the Rule is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir.1996) (quoting White v. New Hampshire Dep't of

Employment Sec., 455 U.S. 445, 450(1982)). A Rule 59(e) motion to alter or amend must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F.Supp. 516, 556 (W.D.Mo.1991), aff'd, 4 F.3d 1434 (8th Cir.1993).

Unfortunately, all of petitioner's arguments in his motion for reconsideration, except for one, concern the same legal and factual theories already comprehensively addressed by this Court in its July 26, 2013 Memorandum and Order. In that Memorandum and Order, based on a full and fair review of the record, the Court found that petitioner's application for writ of habeas corpus was successive and issued an accompanying Order of Dismissal.

In the instant motion for reconsideration petitioner's one novel argument is that the recent Supreme Court case of McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), provides him grounds for relief and allows for modification of the Court's prior Order. He is simply incorrect.

In McQuiggin, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) upon a showing of "actual innocence" under the Schlup v. Delo, 513 U.S. 298, 329 (1995), standard. See McQuiggin, 133 S.Ct. at 1928. Critically, the holding

in McQuiggin was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable "actual innocence" exception for an untimely first-time filer. See id. at 1934. On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[ ]" the "actual innocence" exception with respect to second or successive petitions. See id. at 1933–34. Nothing in McQuiggin authorizes a court to ignore or bypass these constraints.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the dismissal of his application for writ of habeas corpus as successive [Doc. #6] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

Dated this 8th day of August, 2013.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE